IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TERRANCE LANG                                                                                   PLAINTIFF
ADC #151760

v.                                          3:24-cv-00129-DPM-JJV

WILLIAM F. STRAUGHN,
Chief Deputy, Assistant Director, ADC; *et al.*                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Terrance Lang ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction. He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.

**II.   SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this

review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

### III.   ALLEGATIONS

Plaintiff says that on February 17, 2024, prison officials searched his cell and found eight strips of paper in his MP4 player. (Doc. 2.) After a field test determined the paper contained synthetic cannabinoids, which is also known as K2, Plaintiff received a Major Disciplinary charging him with possessing a prohibited substance in prison. At the conclusion of hearing, an officer found Plaintiff guilty of the charges. As punishment, Plaintiff says his privileges were temporarily suspended, his class was reduced, he was removed from a barber college course, he spent an unspecified amount of time in punitive isolation, and he lost his "chance to see the parole board." (*Id.* at 8.) Plaintiff alleges Defendants violated his Fourth, Fourteenth, and Eighth Amendment rights during this incident. After careful consideration, I conclude Plaintiff has failed to plead a plausible claim for relief for the following reasons.

First, Plaintiff makes the conclusory allegation without any factual support that Defendants violated his Fourth Amendment rights, which I presume is a challenge to the lawfulness of the search of his cell. However, because it is settled prisoners do not have a legitimate expectation of privacy in their cells, Plaintiff has not pled a plausible Fourth Amendment claim. *See Hudson v. Palmer,* 468 U.S. 517, 529-30 (1984); *Story v. Foote*, 782 F.3d 968, 970 (8th Cir. 2015); *United States v. Hogan*, 539 F.3d 916, 924 (8th Cir. 2008).

Second, Plaintiff says Defendants violated his due process rights when they did not send the seized papers to a toxicology lab to verify the field test results, failed to give him sufficient notice before the disciplinary hearing, and wrongfully found him guilty of the charges. It is well settled that prisoners have a Fourteenth Amendment right to receive due process during prison disciplinary proceedings <u>only</u> if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023). Prisoner have a liberty interest in avoiding temporary placement in punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). And the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019).

Plaintiff has not pled any facts suggesting the conditions he temporarily endured while in punitive isolation were an atypical or significant hardship. *See Ballinger v. Cedar Cn*ty, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical or significant hardship when a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Similarly, prisoners do not have a liberty interest in maintaining a particular classification level, participating in discretionary programs, or in keeping commissary, phone, or visitation privileges. *Smith,* 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). And this is true even if the class reduction impedes a prisoner from earning future good time credits needed to

appear before the parole board. *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990). Having no liberty interest at stake, Plaintiff was not entitled to receive any due process protections during his disciplinary proceedings.[1] Accordingly, I conclude these allegations do not state a plausible claim.

Third, Plaintiff says Defendants violated his property rights under the Fourteenth Amendment by destroying or failing to return his seized MP4 player. A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss. *Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Because Plaintiff can file a claim for reimbursement for the loss of his personal property with the Arkansas Claims Commission, he has failed to plead a plausible Fourteenth Amendment violation. *See Williams v. Campbell*, Case No. 00–3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001); *McClinton v. Ark. Dept. Corr.,* Case No. 05–2498, 2006 WL 304470 (8th Cir. Feb. 9, 2006).

Fourth, Plaintiff says Defendants did not adequately investigate the grievances he filed about the incidents raised in his Complaint. But prisoners do not have a constitutional right to a grievance procedure. *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, I find no viable constitutional claim here.

---

[1] It is unclear whether by saying he "lost a chance to see the parole board," Plaintiff is claiming he lost previously earned good time credits. It is unclear whether Arkansas statutes have created a federal protected liberty interest in maintaining earned good time credits. *Se*e Sandin, 515 U.S. at 477-79; *Crawford v. Cashion*, 361 S.W.3d 268, 273 (Ark. 2010); *McKinnon v. Norris*, 31 S.W.3d 725, 729-730 (Ark. 2006). Even if there is such a liberty interest, because the restoration of earned good time credits would affect the length of Plaintiff's sentence, the proper vehicle for restoring any lost good time credits is a federal habeas action, and not a § 1983 civil rights action. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004); *Portley-El*, 288 F.3d 1063, 1066 (8th Cir. 2002). Importantly, that holding applies when a prisoner seeks damages, in lieu of or in addition to the restoration of good time credits. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).

Finally, Plaintiff says, without explanation, that Defendants violated his Eighth Amendment rights. As previously mentioned, such conclusory allegations without any factual support are insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678. And nothing in the Complaint suggests Plaintiff was subjected to cruel and unusual punishment. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (to state a plausible Eighth Amendment claim, a prisoner must have suffered "extreme deprivations" that deny "the minimal civilized measure of life's necessities"); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (thirty-seven days in punitive isolation, which included the suspension of contact visitation, exercise privileges, and religious services, was not an Eighth Amendment violation).

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a plausible claim for relief.

2. In the future, the dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 13th day of August 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE